| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>District of New Jersey | |
| Albert Russo<br>Cn 4853<br>Trenton, NJ  08650<br>(609) 587-6888<br>Standing Chapter 13 Trustee | **Order Filed on June 4, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In re:<br><br>Scott Michael Bayles<br>Geraldine Marie Bayles<br><br>Debtor(s) | Case No.: 19-17417 / MBK<br><br>Hearing Date:  06/02/2020<br><br>Judge: Michael B. Kaplan<br><br>Chapter: 13 |

## ORDER CONFIRMING MODIFIED CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through four (4) is **ORDERED**.

**DATED: June 4, 2020**

*Honorable Michael B. Kaplan*
United States Bankruptcy Judge

The modified plan of the debtor having been proposed to creditors, and a hearing having been held on the confirmation of such modified plan, and it appearing that the applicable provisions of the Bankruptcy Code have been complied with; and for good cause shown, it is

**ORDERED** that the modified plan of the above named debtor, dated 04/14/2020, or the last amended plan of the debtor be and it is hereby confirmed.  The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor.

**ORDERED** that the plan of the debtor is confirmed to pay the Standing Trustee for a period of  41 months.

**ORDERED** that the debtor shall pay the Standing Trustee, Albert Russo, based upon the following schedule, which payments shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586:

$9,194.00 PAID TO DATE

$490.00 for 28 months beginning 06/01/2020

**ORDERED** that the case is confirmed with a calculated plan funding of $22,914.00. General unsecured creditors are scheduled to receive a pro-rata dividend of funds available.

**ORDERED**  that the Standing Trustee shall be authorized to submit, ex-parte, an Amended Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed. R. Bank. P. 3002.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee pursuant to the filed 2016(b) Statement.  Any unpaid balance of the allowed fee shall be paid to said attorney through the Chapter 13 plan by the Standing Trustee.

**ORDERED** that if the debtor should fail to make plan payments or fail to comply with other plan provisions for a period of more than 30 days, the Standing Trustee may file, with the Court and serve upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed. The debtor shall have fourteen (14) days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that to the extent Section 7 of the debtor's plan contains motions to avoid judicial liens under 11 U.S.C. § 522(f) and/or to avoid liens and reclassify claims in whole or in part, such motions are hereby granted, except as specified below:

NO EXCEPTIONS

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien discharged.

**ORDERED** that the Standing Trustee is <u>not authorized</u> to pay post-petition claims filed pursuant to 11 U.S.C. § 1305(a).

**ORDERED** that the debtor(s) must obtain a loan modification by July 15, 2020 or as extended by Loss Mitigation Order.

- Creditor MidFirst Bank, PACER claim #12-1, will be paid outside of the Chapter 13 Plan.

- The Trustee shall not pay the post-petition arrears awarded to MidFirst Bank in the January 4, 2020 Order pending the loan modification.

**ORDERED** that if the debtor has provided for a creditor to be paid in the plan and no Proof of Claim is filed by such creditor before expiration of the applicable bar date, the debtor, pursuant to F.R.B.P. 3004, must file a Proof of Claim on behalf of the creditor within 30 days of the expiration of the applicable bar date. If the time period pursuant to F.R.B.P. 3004 has expired, the debtor must file a Proof of Claim on behalf of the creditor **and** file a motion to allow the Trustee to pay the late filed claim, or the debtor may obtain a Consent Order with the creditor authorizing the Trustee to pay an amount certain in the plan.

**ORDERED** as follows:

Order to be submitted resolving MidFirst Bank objection and clarifying the treatment of pre-petition and post-petition arrears pending the loan modification shall be filed within thirty days.

United States Bankruptcy Court
District of New Jersey

In re:  
Scott Michael Bayles  
Geraldine Marie Bayles  
    Debtors

Case No. 19-17417-MBK  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-3      User: admin     Page 1 of 1     Date Rcvd: Jun 04, 2020  
                     Form ID: pdf903     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 06, 2020.  
db/jdb         +Scott Michael Bayles,    Geraldine Marie Bayles,    121 Atrium Drive,    Brick, NJ 08723-6279

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                    TOTAL: 0

         ***** BYPASSED RECIPIENTS *****  
NONE.                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 06, 2020                                  Signature:    /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 4, 2020 at the address(es) listed below:
         Albert Russo    docs@russotrustee.com
         Denise E. Carlon    on behalf of Creditor    The Bank of New York Mellon, f/k/a The Bank of New York Et Al... dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com
         Elizabeth L. Wassall    on behalf of Creditor    MIDFIRST BANK ewassall@logs.com, njbankruptcynotifications@logs.com
         John R. Morton, Jr.    on behalf of Creditor    Credit Acceptance Corporation ecfmail@mortoncraig.com, mortoncraigecf@gmail.com
         Rebecca Ann Solarz    on behalf of Creditor    The Bank of New York Mellon, f/k/a The Bank of New York Et Al... rsolarz@kmllawgroup.com
         U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
         William H. Oliver, Jr.    on behalf of Joint Debtor Geraldine Marie Bayles courtdocs@oliverandlegg.com, R59915@notify.bestcase.com
         William H. Oliver, Jr.    on behalf of Debtor Scott Michael Bayles courtdocs@oliverandlegg.com, R59915@notify.bestcase.com
                                                                            TOTAL: 8