UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

**Order Filed on June 10, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| WNI 16-016765<br>Shapiro & DeNardo, LLC<br>14000 Commerce Parkway, Suite B<br>Mount Laurel, NJ 08054<br>(856) 793-3080<br>Elizabeth L. Wassall, Esq. 023211995<br>ATTORNEYS FOR MIDFIRST BANK | |
| IN RE:<br><br>SCOTT MICHAEL BAYLES AND GERALDINE MARIE BAYLES, DEBTORS | CASE NO.: 19-17417-MBK<br><br>HEARING DATE: MAY 19, 2020<br><br>JUDGE: HONORABLE MICHAEL B. KAPLAN |

**ORDER ON OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

The relief set forth on the following pages, numbered two (2) through two (2) is hereby ORDERED.

**DATED: June 10, 2020**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

This matter being opened to the Court by William H. Oliver, Jr., attorney for the Debtors upon filing of a Chapter 13 Plan on April 14, 2020; ECF Doc. No.: 75; and MidFirst Bank, hereinafter "Secured Creditor," by and through its Authorized Agent, Shapiro & DeNardo, LLC, upon the filing of an Objection to Confirmation of Plan on April 17, 2020; ECF Doc. No.: 80; and the Court having heard Secured Creditor's Objection on May 19, 2020, and for other good cause shown,

1. Debtors have applied through Creditor's Servicing agent for a loan modification to cure pre-petition arrearages on the mortgage loan secured by 121 Atrium Drive, Brick, NJ 08723.

2. On January 27, 2020, an FHA Home Affordable Modification Trial Period Plan (HAMP) was offered to the Debtors.

3. Debtors are to comply with all terms of the trial plan modification offer, including making payments to Secured Creditor in the amount of $2,427.36 due March 1, 2020; $2,427.36 due April 1, 2020; and $2,427.36 due May 1, 2020.

4. Debtors must file a Motion to Approve Loan Modification by July 15, 2020.

5. If the loan modification trial period is not completed, Debtors must within fourteen (14) days of receipt of the denial; 1) modify the Chapter 13 Plan to fully cure Secured Creditor's pre-petition arrearages of $25,624.43 as filed in Proof of Claim No. 12-1 or 2) modify the Chapter 13 Plan to surrender the subject property.

6. If the Debtors fail to make any payments detailed in this Consent Order within thirty (30) days of the date the payment is due, or if any of the funds paid fail to clear for insufficient funds or are dishonored for an reason, then the Secured Creditor may send Debtor and Debtor's Counsel a written notice of default of this Consent Order. If the default is not cured within ten (10) days of such notice, Mortgagee may obtain an Order Vacating the Automatic Stay as to the Collateral by submitting a Creditor's Certification of Default to the Bankruptcy Court, specifying the Debtors' failure to comply with the Consent Order, with a copy of any application, supporting certification and proposed Order to be served on the Chapter 13 Standing Trustee, Debtors' Counsel and the Debtors as required by the local bankruptcy rules.

7. This Order is hereby incorporated into Debtors' Chapter 13 Plan.